**DAVIS BUCCO & MAKARA**
BY: Paul A. Bucco, Esquire
      Matthew T. Strosser, Esquire
Attorney ID Nos.: 52561/336410
10 East 6th Avenue, Suite 100
Conshohocken, PA 19428
(610) 238-0880

*Attorney for Plaintiff, Gillin Commercial Services, LLC*

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GILLIN COMMERCIAL SERVICES, LLC, 1874 Kimberton Road Phoenixville, PA 19460 | : : : : | No. CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| LG CONSTRUCTION, INC., 636 Broad Street Suite 107 Perryville, MD 21903 | : : : : | |
| Defendant | : | |

Gillin Commercial Services, LLC ("Gillin"), by and through its undersigned counsel, Davis Bucco & Makara, files this Complaint against Defendant, LG Construction, Inc. ("LG"), and in support thereof avers as follows:

### PARTIES

1.     Plaintiff, Gillin, is a limited liability company doing business in Pennsylvania with an address of 1874 Kimberton Road, Phoenixville, PA 19460.

2.     Defendant, LG, is a business entity doing business in Maryland with an address of 636 Broad Street, Suite 107, Perryville, MD 21903

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter is in excess of $75,000.00 and is between citizens of different states.

1

4. This Court has specific personal jurisdiction over Defendant because Defendant have sufficient minimum contacts with Pennsylvania, and the instant litigation arises from its contacts with the Commonwealth.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391, as the parties are residents of different states, Gillin is a resident of this district, and the transaction giving rise to this incident arose in this district.

## FACTUAL BACKGROUND

6. Mike Georg ("Georg") is Vice-President and part owner of LG.

7. Patrick Gillin is a co-owner of Gillin.

8. On or about April 9, 2025, Patrick Gillin and Georg exchanged communications including email, indicating desire to work together on a Single Award Task Order Contract (SATOC) for the United States Government. ("the Project")

9. They exchanged further communications indicating continued desire to work together on the Project and coordinating efforts to bid on the project throughout June and July of 2025.

10. These communications constituted an agreement between Gillin and LG. ("the Agreement").

11. Communications were oral and in writing.

12. The Agreement involved LG bidding for the Project, using Gillin's industry knowledge and expertise, the resume of Patrick Gillin of Gillin as listed supervisor, and proprietary business techniques of Gillan.

13. Under the Agreement, Gillin agreed to perform painting services as LG's subcontractor should LG's bid be accepted.

14. LG had never won a SATOC prior to the use of Gillin's expertise.

15. LG used an estimate created by Gillin to price its bid.

16. The Agreement constituted a binding Contract with promises of mutual performance.

17. This Contract was formed in Montgomery County in the Eastern District of Pennsylvania.

18. The bid for the Project was accepted.

19. LG did not inform Gillin that the bid was accepted until October of 2025, after repeatedly being asked.

20. Following the acceptance of the bid, Gillin incurred significant costs and expenses in fulfilling the Agreement including but not limited to:

   a. Gillin expended significant labor on planning and pricing the work it would provide and the materials needed under the Agreement,

   b. Gillin hired additional employees to fulfill the Agreement, and

   c. Gillin turned down other business opportunities to maintain capacity to carry out its work under the Agreement.

21. On or about January 14, 2026, LG informed Gillin that LG was breaching the Agreement to work with another subcontractor who was cheaper.

22. Upon information and belief, LG and Georg had intended to breach this Agreement ever since the Agreement was reached.

23. There is no provision in the Agreement that would permit LG to change subcontractors after the bid was accepted.

24. Gillin was required to terminate the employment of multiple employees as a result

of LG's breach of contract.

25. The costs incurred by Gillin in fulfilling the Agreement are due and owing.

26. Gillin projected profits in excess of seven million dollars ($7,000,000) pursuant to the agreement.

## COUNT I – BREACH OF CONTRACT

27. Gillin incorporates by reference the preceding paragraphs as though fully set forth at length herein.

28. As set forth above, Gillin and LG entered into a contract.

29. Despite incurring substantial costs in fulfilling its obligations under the contract, Gillin has not received proper payment for the amounts due and owing under the contract.

30. Gillin is entitled to all the costs it incurred in fulfilling its obligations under the Agreement.

31. Gillin is also entitled to lost profits.

32. At all times relevant hereto, LG's actions constitute a breach of the contract between the parties.

33. As a direct and proximate result of LG's breach of contract, as aforesaid, Gillin has incurred damages for lost profits and overhead as well as those more particularly described above.

**WHEREFORE**, Plaintiff, Gillin Commercial Services, LLC demands judgment in its favor in an amount in excess of $7,000,000 including interest, costs, attorneys' fees, lost profit, reasonable overhead costs, incidental damages, and other such relief as the Court may deem just and equitable.

## COUNT II – UNJUST ENRICHMENT

34. Gillin incorporates by reference the preceding paragraphs as though fully set forth at length herein.

35. LG benefited by using Gillin's expertise and experience to win the bid for the Project.

36. LG have profited and expect to continue to profit from the Project.

37. It would be unjust and inequitable for LG to continue to retain all of the profits from the Project without adequately compensating Gillin, when, without Gillin's expertise, LG would not have been awarded the Project.

38. As a result of the unjust enrichment of LG, Gillin is entitled to a judgment in its favor including but not limited to interest, costs, attorneys' fees, lost profit, reasonable overhead costs, incidental damages, and other such relief as the Court may deem just and equitable.

**WHEREFORE**, Plaintiff, Gillin Commercial Services, LLC demands judgment in its favor in an amount in excess of $7,000,000 including interest, costs, attorneys' fees, lost profit, reasonable overhead costs, incidental damages, and other such relief as the Court may deem just and equitable.

**DAVIS BUCCO & MAKARA**

*/s/ Paul A. Bucco*
Paul A. Bucco, Esquire
Matthe T. Strosser, Esquire
Attorneys for Plaintiff,
Gillin Commercial Services, LLC

Dated: January 20, 2026